```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :    CRIMINAL ACTION
                                :
          v.                    :
                                :
BOBBY ROBINSON                  :    NO. 93-46-01
```

ORDER

AND NOW, this 30th day of October, 2008, upon consideration of Bobby Robinson's pro se motion for modification of sentence (docket entry # 56), the supplemental motion and memorandum submitted by defendant's counsel (docket entry # 62), and the Government's response (docket entry # 61), and the Court finding that:

(a) On March 29, 1993, Robinson pled guilty to four counts of drug and firearm offenses;

(b) On July 8, 1993, we sentenced Robinson to a total of 322 months in prison, including 262 months for his drug and firearm offenses and a mandatory five-year consecutive sentence for possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c), and sixteen years of supervised release[1];

(c) Because Robinson was a "minor player," we gave him a custodial sentence of 262 months, which was the minimum sentence in Robinson's guideline range, Transcript of Robinson's Sentencing, held on July 8, 1993 ("Sentencing Transcript"), at 19,

---

[1] On October 25, 1993, at our hearing regarding Robinson's request for resentencing, we gave him the same sentence. Transcript of Robinson's Resentencing at 9.

<u>see also</u> Transcript of Robinson's Resentencing, held on October 25, 1993, at 9, 13;

      (d)   In his motion and supplemental motion, Robinson requests relief under 18 U.S.C. § 3582(c)(2), which gives us discretion to reduce the term of imprisonment for a defendant if we sentenced that defendant "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission";

      (e)   Robinson's sentence was "based on" his status as a "career offender" under U.S.S.G. 4B1.1;

      (f)   In defining "based on," the defendant relies on the <u>Merriam-Webster Online Dictionary</u>, which gives the following as one definition of <u>base</u>: "the starting point or line for an action or undertaking"[2];

      (g)   Using this definition as a foundation, Robinson asks for us to read the phrase "based on" quite expansively, to include <u>any</u> factor considered at <u>any</u> point in the sentencing process, Def. Supp. Mot. at 6-7 ("§ 2D1.1 is at least a partial basis for any drug sentence calculated under the Guidelines. It is the literal starting point of the Guidelines analysis . . . . It is also relevant to the setting of the final sentence, whether within, above, or below the final Guidelines range.");

---

[2] The defendant also quotes other definitions from the <u>Merriam-Webster Online Dictionary</u>, but we do not repeat them here because defendant primarily relies on the "starting point" concept in the memorandum accompanying his supplemental motion.

      (h)   However, defendant's interpretation of "based on" stretches the language of the statute too far;

      (i)   We believe that The Oxford English Dictionary captures the more common understanding of base as used in this context: "To make, lay, or form a foundation for" and "To place on or upon a foundation or logical basis; to found, establish securely, secure," 1 The Oxford English Dictionary 979 (2d ed. 1989) (emphasis in original);

      (j)   Admittedly, Robinson's Presentence Investigation Report, which we adopted without objections from the Government or the defendant, mentioned U.S.S.G. § 2D1.1 and the amount of crack to which Robinson pled guilty, but Robinson's status as a criminal offender formed the foundation of his sentence, see, e.g., Presentence Investigation Report at ¶ 20, Sentencing Transcript at 6, 18-19[3];

      (k)   Because we sentenced Robinson based on his career offender status, rather than on the since-amended crack guidelines, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2);

      (l)   He is, therefore, not eligible for resentencing under that provision; and

---

[3] We note that this interpretation is in accord with the unpublished opinion of our Court of Appeals in United States v. Thompson, No. 08-2485, 2008 WL 3974337 (3d. Cir. Aug. 28, 2008).

(m)  As a result, we need not address here defendant's creative arguments regarding the mandatory nature (or lack thereof) of U.S.S.G. § 1B1.10(a) or which of the Sentencing Commission's proclamations should be considered as its "policy statements" under § 3582(c)(2).

It is hereby ORDERED that the defendant's motions are DENIED.

BY THE COURT:

/s/ Stewart Dalzell, J.